IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | § § § § | Civil Action No. 2:17-cv-00173 |
| Plaintiffs, | § § | |
| v. | § § | PATENT CASE |
| BOX, INC., | § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Box, Inc. ("Box"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of replicating data from a source file to a target file in a computer system: including by providing upgrades from a server to a remote user's computer.

1

4. Upon information and belief, Box is a Delaware corporation having a principal place of business in Redwood City, California and offering products and/or services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  Box may be served with process through its registered agent: Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

## JURISDICTION AND VENUE

5. Uniloc USA and Uniloc Luxembourg (collectively, "Uniloc") bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Box is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in Texas and this judicial district.

7. Box is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business, according to its March 2016 Form 10-K, in Austin, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,110,228)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,110,228 ("the '228 Patent"), entitled METHOD AND APPARATUS FOR SOFTWARE MAINTENANCE AT REMOTE NODES that issued on August 29, 2000. A true and correct copy of the '228 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '228 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Box provides software that allows for customer service requests. For example, the following image is a screen shot from a user interface for a computer program named Box Sync that is installed on a user's computer remote from Box:



12. The following image shows that Box Sync allows a remote user to keep files in sync using automatic updates:



13. The following image shows that Box believes that Box Sync providing automatic updates is a Huge improvement:

![Huge improvements promotional image showing features: Smarter faster sync, No file limit, Improved filename support, Automatic updates (highlighted in red box)]

14.     The following image shows that Box allows users to request upgrades manually and that the user may be prompted to upgrade when an upgrade becomes available:

![Box Sync 4 Upgrade FAQ showing "Which version of Box Sync do I have?" with Box Help link, and "How do I upgrade or install Box Sync 4?" with text: "You can install Sync 4 manually or allow auto-update. Sync 4 is now the default version for downloads. If you do not upgrade manually, you might be prompted to do so from within the application. See How Do I Install or Uninstall Box Sync 4.0? for full instructions."]

15.     The following image displays an example of a Box upgrade prompt:



16. The following image shows that Box Sync on a remote user's computer makes an API call to Box and the API may respond with a new version:

17. The following image is a screen shot from Box Sync version 4.0.6746:



18. The following image is a screen shot from Box Sync updated version 4.0.7724:



19. Box has directly infringed, and continues to directly infringe one or more claims of the '228 Patent in the United States during the pendency of the '228 Patent, including at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Box Sync during the pendency of the '228 Patent which software and associated backend server architecture *inter alia* allow for receiving users' requests for service (for example, upgrades), determining the service requested (for example, provide an upgrade), and providing the upgrade to the user in response to the request received by Box from the remote user location.

20. In addition, should the Box Sync be found to not literally infringe the asserted claims of the '228 Patent, the Box Sync would nevertheless infringe the asserted claims of the '228 Patent. More specifically, the Box Sync performs substantially the same function

8

(providing a service to a remote user location), in substantially the same way (via a request for service from the user's remote device), to yield substantially the same result (allowing a user to receive a service, such as an upgrade to an installed Box application). Box would thus be liable for direct infringement under the doctrine of equivalents.

21. Box has indirectly infringed and continues to indirectly infringe at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Box Sync. Box's customers who use the Box Sync in accordance with Box's instructions directly infringe one or more of the foregoing claims of the '228 Patent in violation of 35 U.S.C. § 271. Box directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.box.com
- https://sites.box.com
- https://community.box.com
- https://app.box.com
- www.youtube.com, including:
  www.youtube.com/watch?v=WvTFo9laDRw

Box is thereby liable for infringement of the '228 Patent under 35 U.S.C. § 271(b).

22. Box has indirectly infringed and continues to indirectly infringe at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Box Sync, by making, offering to sell, selling

and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '228 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

23. For example, the Box Sync software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Box software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Box is, therefore, liable for infringement under 35 U.S.C. § 271(c).

24. Box will have been on notice of the '228 Patent since, at the latest, the service of this complaint upon Box. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent.

25. Box may have infringed the '228 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Box Sync. Uniloc reserves the right to discover and pursue all such additional infringing software.

26. Uniloc has been damaged, reparably and irreparably, by Box's infringement of the '228 Patent and such damage will continue unless and until Box is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Box as follows:

(A)    declaring that Box has infringed the '228 Patent;

(B)    awarding Uniloc its damages suffered as a result of Box's infringement of the '228 Patent;

(C)    enjoining Box, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '228 Patent;

(D)    awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)    granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: March 6, 2017                                        Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100

Email: pjhayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**